# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONNIE HANKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV697 HEA |
| | ) |
| TERRY RUSSELL, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $6.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

## The Complaint

Plaintiff has Hepatitis C, and he alleges that defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff believes that defendant Tonya Long, a dentist, injected him with the virus during a procedure on April 6, 2010. He asserts that a blood test revealed he had Hepatitis C on January 25, 2011. Plaintiff alleges that defendants Dr. Bynum, Dr. T. Bredeman, and Dr. Mullen knew of his condition and refused to treat him. He further alleges that these defendants work for defendant Corizon, Inc., and that Corizon has a policy of not treating his condition in order to save money. Plaintiff says he has been injured by the lack of treatment.

Plaintiff alleges that the remaining defendants each conspired to harm him by way of denying his grievances. He does not allege their direct participation, and he does not allege facts showing a meeting of the minds to engage in unconstitutional conduct.

**Discussion**

The Court finds that plaintiff has sufficiently alleged deliberate indifference claims as to defendants Corizon, Bynum, Bredeman, and Mullen. Therefore, the Court will direct the Clerk to serve process on these defendants.

The State of Missouri is not a proper defendant under § 1983, and it is dismissed. *Will v. Michigan Dep=t of State Police*, 491 U.S. 58, 71 (1989).

It is unclear whether plaintiff intended defendant Tonya Long to be a defendant in this case as he has not named her in any of his counts. However, any claims against Long are barred by claim preclusion.

Plaintiff sued Long in October 2013 regarding the April 6, 2010, procedure. Hankins v. Russell, 4:13CV1999 HEA (E.D. Mo.). He did not accuse her of injecting him with Hepatitis C.

He accused her of intentionally hurting him during the procedure and of possibly implanting a metal object into his jaw. The Court dismissed plaintiff's claims on summary judgment on February 26, 2015.

Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.1998). The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir.2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24). In both of plaintiff's suits, plaintiff alleged that Long's treatment violated the Eighth Amendment. And the previous action has resulted in a final judgment. As a result, claim preclusion bars plaintiff from pursuing any claim against Long resulting from the April 6, 2010, procedure.

Plaintiff seeks to hold defendant Terry Russell liable in his capacity as Warden of the institution. Plaintiff has failed to allege Russell's participation in the alleged constitutional violations. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Consequently, Russell is dismissed.

Plaintiff's claims against the remaining defendants are frivolous. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993).

Plaintiff's claims regarding a wide conspiracy to injure him by denying his grievances do not state an actionable claim for relief. Plaintiff has not sufficiently alleged defendants' personal involvement, and he has not alleged facts showing a meeting of the minds. As a result, the remaining defendants are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendants Corizon, Dr. Bynum, Dr. T. Bredeman, and Dr. David Mullen. These defendants should be served in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendants State of Missouri, Terry Russell, Joe Hoffmeister, Stan Jackson, Tonya M. Long, Shanta Pribble, Todd Renshaw, J. Coefield, and G. Babitch are **DISMISSED** from this action without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of May, 2015.

                                                        HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE